JOHN EARLE, JR. *vs.* BENJAMIN KINGSBURY & another.

On a lease for a year, in which the rent is payable monthly, the lessee is not liable for a part of a month's rent, either at common law, or by the Rev. Sts. *c.* 60, §§ 22 and 23.

THE defendants were the tenants of the plaintiff of a dwelling-house in Boston, under a lease, in which the demise was stated as follows: "for the term of one year, from the 15th day of September, 1845, unless the rent herein reserved shall be in arrear, or unpaid, for the space of one week, after the same shall become due and payable, and, in such case, only until the expiration of said one week; yielding and

paying rent therefor, after the rate of three hundred dollars *per annum.* And the lessees covenant with the lessor and his assigns, to pay the said rent in equal payments of twenty-five dollars each, at the expiration of each and every month from the 15th day of September aforesaid."

The plaintiff, on the 15th of May, 1846, brought an action of debt, on the lease, for the rent alleged to be due on the 7th of April, 1846. The terms of the lease were set out in the declaration, which concluded as follows : " Whereby the said Kingsbury, &c., on the 7th day of April, 1846, at said Boston, became indebted to the plaintiff in the sum of ninety-four dollars and seventeen cents rent for three months and twenty-three days next preceding, then due and unpaid."

The plaintiff having obtained a verdict in the court of common pleas, the defendants moved in arrest of judgment ; and this motion being overruled by the presiding judge, (*Colby,* J.,) the defendants alleged exceptions.

*J. T. Tasker,* for the defendants.

*H. Gleason,* for the plaintiff.

Wilde, J. The defendants, after a verdict for the plaintiff, moved in arrest of judgment, on the ground, that the verdict cannot by law be sustained upon the declaration. The plaintiff declares on a lease from him to the defendants of a certain dwelling-house, to hold for the term of one year, and on the covenant of the defendants to pay the plaintiff the sum of three hundred dollars' rent for the same, in monthly payments of twenty-five dollars, at the expiration of each and every month from the date of the lease ; whereby it is averred that the defendants, on the 7th of April, 1846, became indebted to the plaintiff in the sum of $94·17, rent for three months and twenty-three days ; and the jury returned a verdict for the plaintiff for that sum. The question is, whether on such a lease the defendants were liable to pay rent for the fraction of a month, either by the principles of the common law, or by the Rev. Sts. *c.* 60, §§ 22, 23.

By the principles of the common law, it appears very clear, that no such claim can be supported. The rule of law is

clearly stated in Bacon's Ab. Rent, L. : "If the lands demised be evicted from the tenant, or recovered by a title paramount, the lessee is discharged from the payment of the rent from the time of such eviction ; but notwithstanding such recovery or eviction, the tenant shall pay the rent that became due before the recovery." But this is to be understood with this restriction, that if the tenant be ousted before the day appointed for the payment of the rent, such eviction entirely discharges the tenant from the payment of any part of the rent.

"For instance, if A, lessee for life, makes a lease to B for years, rendering rent, payable at easter, and B enters and enjoys the land for nine months, and then A dies, by which the interest of B is determined ; in this case B shall pay no rent at all ; for there could be no rent by the contract ; nor can there be any apportionment, because, by the express words of the lease, it was to be paid at easter, and not before." This principle of the common law is fully sustained by lord Coke, and all the authorities, ancient and modern ; and there can be no doubt that it is a well established rule of law.

The plaintiff, however, mainly relies on the Rev. Sts. *c.* 60, §§ 22 and 23. The twenty-second section provides "that every person in possession of land out of which any rent is due shall be liable for the amount or proportion of rent due from the land in his possession, although it be only a part of what was originally demised."

The twenty-third section provides, that such rent may be recovered in an action of debt ; and the deed of demise, or other instrument in writing, if there be any, showing the provisions of the lease, may be used in evidence by either party, to prove the rent due from the defendant. It has been argued, that by these provisions, the rent may be apportioned whenever the lease terminates, before the rent becomes due, by the terms of the contract. But such a construction would be opposed to the words and the obvious meaning of these sections. The twenty-second section does not provide for

the recovery of rent before it becomes due, and the contract must determine as to the time when it becomes due. That section authorizes the recovery and apportionment of rent when a person is in the possession of a part only of the land originally demised. And that apportionment was authorized by the common law, and so debt could always be brought for rent due, and either party might give the lease in evidence. These sections, therefore, were merely declaratory of the law. But if there had been an express provision, that whenever a lease should terminate before the rent became due by the lease or contract, it should be apportioned, it would not avail the plaintiff. In every such case, the declaration must aver the termination of the lease, if it sets out the terms of the lease, including the time when by the lease the rent would fall due ; for although the plaintiff may declare generally, yet if he undertakes to state the ground of the action, and misstates it, the variance will be fatal. The *allegata* and the *probata* must agree as to all the material facts on which the action depends. This is not a mere technical rule of pleading, but is essentially necessary in order to enable the defendant to prepare for his defence ; and whatever other rules of pleading have been or may be abolished, this rule, I trust, never will be.

The rule is very clearly stated by lord Mansfield in the case of *Bristow* v. *Wright,* Doug. 665. In that case, the declaration stated, that the plaintiff, on, &c., had demised a certain messuage to one Pope, for the term of a year, yielding and paying therefor a certain yearly sum or rent payable quarterly ; and it was proved, that the messuage was let by parol to the said Pope for a year, and that there was no stipulation about any time or times for the payment of the rent. Whereupon it was contended at the trial, that as the plaintiff had laid a demise, with a reservation of rent payable quarterly, he was bound to prove it exactly as laid ; and that, having failed in that proof, he ought to be nonsuited. Lord Mansfield overruled the objection, being then of opinion, that enough of the demise as laid had been proved to entitle the

18 *

plaintiff to his action; it being contended by the plaintiff's counsel, that the contract in that case was not the gist of the action, and that the material part was that a year's rent was in arrear, which was proved.

But this objection was afterwards held to be valid by the whole court, and the reasons of the opinion were very clearly stated by lord Mansfield. His lordship expressed his well known reluctance to suffer a cause to be defeated or delayed by formal slips in pleading; yet he expressed also the importance of adhering to the rules of pleading, as founded on good sense; and that it was important, for the sake of justice, that the strict rule in that case should prevail. The distinction, he says, was between irrelevant misstatements and misrecitals, which might be stricken out as surplusage, and those which were necessary to entitle the party to recover. It was not necessary, he said, in that case, to allege that part of the lease which related to the time of payment, in order to maintain the action; but since it had been alleged, it was necessary to prove it. For if the very ground of the action was misstated, that would be fatal, as the plaintiff must recover *secundum allegata et probata.* And this distinction would reconcile all the cases. In the case of *Peppin* v. *Solomons*, 5 T. R. 496, Buller, J., expresses an opinion, that that case was rightly decided. In order, he says, to entitle the plaintiff to maintain that action, it was necessary for him to show, that he was the landlord, it being an action against the sheriff for taking the lessee's goods, without leaving a year's rent; and to show that the plaintiff was the landlord, he was obliged to set forth a contract between himself and the tenant. And as the evidence in that case did not accord with the contract stated in the declaration, and which was the foundation of the action, it was properly determined, that a judgment of nonsuit should be entered. So in *Williamson* v. *Allison*, 2 East, 446, 452, Mr. Justice Lawrence expresses his approbation of the rule and distinction upon which the case of *Bristow* v. *Wright* was determined. Indeed, there can be no doubt, that when a party is sued on a contract, the

plaintiff is bound to prove the same, as set out in the declaration ; and if the terms of the contract should be afterwards changed, the same must be set out in the declaration ; and that if the declaration only sets out the original contract, the action cannot be maintained. That was so decided in the case of the *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417. The contract in that case was under seal, and afterwards the terms of the contract were altered by an agreement not under seal. And for a breach of the agreement after the modification of the original contract, assumpsit was brought, and it was held, that that was the proper form of action ; and that if an action had been brought on the deed, the defendant might have pleaded that the time for the performance of the defendant's covenant had been extended by the new agreement, and that thereby the action on the deed would have been defeated.

Upon these authorities and principles, we are of opinion that this action cannot be maintained. The declaration sets out the defendants' covenant to pay the rent monthly, whereby it is averred, that on the 7th of April, 1846, they became indebted to the plaintiff in the sum of $94·17, and the jury have returned a verdict for that sum. Now, the averment that such a sum was due at the time alleged, or at any time, is directly repugnant to the contract, and the verdict cannot be maintained. The declaration is not in the usual form of actions of debt for rent, as it does not aver that the defendant entered and enjoyed the demised premises. But this is immaterial, as such an averment would not obviate the objection to the declaration. If the declaration had not set out the contract as to the times of payment, it might be otherwise. It has been argued, that the defect in the declaration is cured by the verdict. But we think it very clear, that this argument cannot avail the plaintiff, for the plaintiff's title is clearly defective, and no fact or agreement could be proved which would support the declaration. If, for instance, the plaintiff had proved that the defendants had surrendered their lease, and had agreed to the apportionment of the rent and

promised to pay the rent claimed, this would not support the declaration.

As to the plaintiff's offer to remit the rent for the twenty-three days, that might be allowed, if it were certain that the plaintiff was entitled to recover the residue of the rent. But this is not certain. The defendants' counsel allege, that the surrender was made in the month of January, on a new agreement. As the parties disagree as to this fact, we think it reasonable that a new trial should be granted to ascertain it; and the plaintiff may have liberty to amend on payment of the defendants' costs.